**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HANNAH BELLMORE, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:23-cv-462 |
| ) | |
| v. ) | |
| ) | |
| AA RECOVERY SOLUTIONS, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, HANNAH BELLMORE ("Plaintiff"), through her attorney, Agruss Law Firm, LLC, alleges the following against Defendant, AA RECOVERY SOLUTIONS, INC. ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in West Monroe, Ouachita Parish, Louisiana.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendant is a debt collector as that term is defined by the FDCPA.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency headquartered in Buffalo, Erie County, New York.

11. Defendant is a business entity engaged in the collection of debt within the State of New York.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

17. The alleged debt owed arises from transactions for personal, family, and household purposes.

18. On or about June 13, 2022, Defendant began sending text messages to Plaintiff's cellular phone, in an attempt to collect the alleged debt.

19. On or about June 13, 2022, Defendant sent the following text messages to Plaintiff:

    a. This is FSC. We are attempting to locate HANNAH BELLMORE. If you can assist please call 833 431-2973.

    b. Message is intended for HANNAH BELLMORE. Delicate information provided deemed substantial to avoid none compliance and escalation please call 833 431-2973.

20. The telephone number 833-431-2973 belongs to Defendant.

21. On or about June 16, 2022, Plaintiff's attorney, Agruss Law Firm, LLC, sent a cease-and-desist letter to Defendant via email, notifying Defendant that Plaintiff is represented by counsel with respect to the alleged debt and requesting for Defendant to cease communication with Plaintiff.

22. Despite the foregoing, Defendant continued to communicate with Plaintiff in an attempt to collect the alleged debt.

23. On or about July 15, 2022, Defendant sent Plaintiff the following text message:

    Hannah Bellmore this is a text message from ARS. You need to contact us directly at 917-277-2202 regarding your personal business matter in our office. Please have yourself, and or your attorney call us directly to discuss your documentation. While calling back reference File #3048861, thank you.

24. Defendant sent the immediately above-referenced text message from telephone number 650-420-1981, which is one of Defendant's telephone numbers.

25. Defendant's collectors were working within the scope of their employment when they communicated with Plaintiff.

26. Defendant's collectors are or should be familiar with the FDCPA.

27. Defendant's collectors know or should know that the FDCPA requires a debt collector to

3

disclose the caller's identity when communicating with a consumer.

28. Defendant's collectors know or should know that the FDCPA requires a debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose.

29. To date, Defendant has not taken legal action against Plaintiff.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

30. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692c(a)(2) of the FDCPA by communicating with the consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt, when Defendant continued to communicate with Plaintiff after Defendant knew Plaintiff is represented by an attorney with respect to the alleged debt;

    b. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to communicate with Plaintiff after Defendant knew Plaintiff is represented by an attorney with respect to the alleged debt;

    c. Defendant violated § 1692d(5) of the FDCPA by Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to communicate with Plaintiff after Defendant knew Plaintiff is represented by an attorney with respect to the alleged debt;

    d. Defendant violated § 1692d(6) of the FDCPA by placing telephone calls without

disclosure of the caller's identity, when Defendant sent text messages to Plaintiff and did not disclose that communication is from AA Recovery Solutions.

e. Defendant further violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

f. Defendant violated § 1692e(2) of the FDCPA by falsely representing the character, amount, or legal status of any debt, when Defendant falsely represented that a lawsuit was filed against Plaintiff with respect to the alleged debt;

g. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken, when Defendant threatened to take legal action against Plaintiff;

h. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Defendant sent text message to Plaintiff and did not disclose the communication is from a debt collector attempting to collect a debt in text messages sent to Plaintiff;

i. Defendant violated § 1692e(14) of the FDCPA by using any business, company, or organization name other than the true name of the debt collector's business, company, or organization, with none of the exceptions of this subsection being applicable, when Defendant sent text messages to Plaintiff on Plaintiff's telephone and falsely represented the communication is from FSC; and

j.  Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, HANNAH BELLMORE, respectfully requests judgment be entered against Defendant, AA RECOVERY SOLUTIONS, INC., for the following:

31. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

32. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

33. Any other relief that this Honorable Court deems appropriate.

DATED:  April 11, 2023                                RESPECTFULLY SUBMITTED,

By: /s/ Taylor L. Kosla
    Taylor L. Kosla
    IL State Bar #: 6327180
    Agruss Law Firm, LLC
    4809 N. Ravenswood Ave.
    Suite 419
    Chicago, IL 60640
    Tel: 312-224-4695
    Fax: 312-253-4451
    taylor@agrusslawfirm.com
    Attorney for Plaintiff